Calvin KOBLUK, Appellant,

v.

UNIVERSITY OF MINNESOTA,
Respondent,

John Fetrow, Defendant.

No. C1–99–1932.

Court of Appeals of Minnesota.

July 3, 2000.

Review Denied Sept. 13, 2000.*

Robert J. Hennessey, Reuben A. Mjaanes, Lindquist & Vennum, P.L.L.P., Minneapolis, MN (for appellant).

Mark B. Rotenberg, General Counsel, Lorie S. Gildea, Associate General Counsel, University of Minnesota, Minneapolis, MN (for respondent).

Rebecca H. Hamblin, Education Minnesota, St. Paul, MN (for amicus curiae Education Minnesota).

Considered and decided by DAVIES, Presiding Judge, LANSING, Judge, and HALBROOKS, Judge.

## OPINION

DAVIES, Judge.

Appellant contends that the trial court erroneously interpreted the Minnesota Government Data Practices Act when it found that respondent employer was not required to give appellant employee a Tennessen warning before it interviewed him regarding incidents within the course and scope of his employment. Because the

* PAGE, J., took no part in the consideration or decision of the case.

*information he provided was not private or confidential data, we affirm.*

## FACTS

Appellant Dr. Calvin Kobluk was employed by respondent University of Minnesota (the university) as an assistant professor in the College of Veterinary Medicine. Appellant applied for tenure twice, once in 1992 and again in 1993, and was denied each time. While appellant's second tenure application was pending, Dr. John Fetrow, chair of appellant's university department, learned of allegations against appellant and commenced several investigations. In the course of these investigations, university representatives questioned appellant about the allegations without giving him a Tennessen warning. The university put the investigative reports into appellant's tenure-review file. Appellant was denied tenure, in part because of the allegations.

In November 1996, appellant commenced an action against the university and Dr. Fetrow for breach of contract, tortious interference with contract, defamation, and violations of the Minnesota Government Data Practices Act. On remand, after an appeal by the university to this court,[1] appellant pursued only his claim that the university violated the Minnesota Government Data Practices Act by failing to provide a Tennessen warning before he was questioned during the investigations. After a three-day trial on that claim, the university's motion to dismiss was granted and the trial court directed judgment for the university. This appeal follows.

## ISSUE

■ Did the trial court err in concluding that appellant was not entitled to a Tennessen warning before information was elicited from him during the university's investigations of incidents within the course and scope of his employment?

1. *See Kobluk v. Regents of the Univ. of Minn.,* No. C8–97–2264, 1998 WL 297525 (Minn.

## ANALYSIS

■ This case turns on the interpretation of the Minnesota Government Data Practices Act. Statutory interpretation is a question of law subject to de novo review. *Metropolitan Sports Facilities Comm'n v. County of Hennepin,* 561 N.W.2d 513, 515 (Minn.1997).

■ The Minnesota Government Data Practices Act "regulates the collection, creation, storage, maintenance, dissemination, and access to government data in state agencies, statewide systems, and political subdivisions." Minn.Stat. § 13.01, subd. 3 (1998). At the core of the act is the provision that all "government data" shall be public data unless otherwise classified by statute or other law. Minn.Stat. § 13.03, subd. 1 (1998). Data classified as private or confidential data on individuals may, however, not be released without proper authorization. Minn.Stat. § 13.05, subd. 4 (1998). Proper authorization requires, as a predicate, a Tennessen warning.

An individual asked to supply private or confidential data concerning the individual shall be informed of: (a) the purpose and intended use of the requested data within the collecting state agency, political subdivision, or statewide system; (b) whether the individual may refuse or is legally required to supply the requested data; (c) any known consequence arising from supplying or refusing to supply private or confidential data; and (d) the identity of other persons or entities authorized by state or federal law to receive the data.

Minn.Stat. § 13.04, subd. 2 (1998).

Except for "personnel" data, classified as "public" by statute, "personnel" data is private information. Minn.Stat. § 13.43, subds. 2, 4 (1998). "Personnel" data is "data on individuals collected because the individual is or was an employee of * * * a

App. June 9, 1998), *review denied* (Minn. Aug. 18, 1998).

state agency." Minn.Stat. § 13.43, subd. 1 (1998). The University of Minnesota is a state agency. Minn.Stat. § 13.02, subd. 17 (1998).

Information that is specifically labeled as public "personnel" information under the act includes:

> (4) the existence and status of any complaints or charges against the employee, regardless of whether the complaint or charge resulted in a disciplinary action;
> (5) the final disposition of any disciplinary action together with the specific reasons for the action and data documenting the basis of the action, excluding data that would identify confidential sources who are employees of the public body.

Minn.Stat. § 13.43, subd. 2 (1998).

In *Edina Educ. Ass'n v. Board of Indep. Sch. Dist. No. 273*, 562 N.W.2d 306, 312 (Minn.App.1997), *review denied* (Minn. June 11, 1997), this court addressed the issue of whether investigatory data becomes public as "personnel" data used to document a disciplinary action and whether a school district can rely on the information it gathered in its investigation of an employee accused of misconduct when it did not give the accused employee a Tennessen warning. This court held:

> A public employee's description of an incident that occurred during the course and scope of her employment is not private data concerning the employee as an individual under the Data Practices Act, and a public employer attempting to determine the facts of an incident is not required to give a "Tennessen" warning before requesting the employee's description of the incident.

*Id.* at 307.

In *Washington v. Independent Sch. Dist. No. 625*, 590 N.W.2d 655 (Minn.App. 1999), this court again found that information obtained from an employee within the course and scope of his employment was not private or confidential data requiring a Tennessen warning. As part of its investi-

gation of a student complaint alleging improper conduct by a teacher, the school district interviewed the teacher. At the conclusion of the investigation, the teacher sued, alleging that the school district had been required to give him a Tennessen warning. This court disagreed, finding that

> the school district interviewed [the employee] about an incident that took place within the school. Because [the employee] was not asked to supply private or confidential information, we conclude [the employee] was not entitled to a Tennessen warning.

*Id.* at 660. Under *Edina* and *Washington*, appellant was not entitled to a Tennessen warning. *See also Minneapolis Fed'n of Teachers v. Minneapolis Pub. Sch.*, 512 N.W.2d 107, 111 (Minn.App.1994) (despite employees' privacy interest, personnel records used to document a disciplinary action are public under section 13.43), *review denied* (Minn. Mar. 31, 1994).

■ Appellant asserts a second basis for his claim. He contends the university is also required to give him a Tennessen warning by an internal-audit provision added to the statute in 1998. The internal-audit provision states:

> Data, notes, and preliminary drafts of reports created, collected, and maintained by the internal audit offices of state agencies and political subdivisions, or persons performing audits for state agencies and political subdivisions, and relating to an audit or investigation are confidential data on individuals or protected nonpublic data until the final report has been published or the audit or investigation is no longer being pursued actively * * *.

Minn.Stat. § 13.392, subd. 1 (1998). The internal-audit provision deals with the auditor's "[d]ata, notes, and preliminary drafts of reports" created *after* the statements of the data subject are received. Because this provision does not apply to information from the data subject until

after it is received, it does not conflict with the classification of public employee disciplinary information as "public data." Minn.Stat. § 13.43, subd. 2.

## DECISION

The Minnesota Government Data Practices Act does not require an employer to give an employee a Tennessen warning before obtaining information from the employee about incidents that occur within the course and scope of employment.

**Affirmed.**